Daniel L. Bonnett (AZ#014127)
Michael M. Licata (AZ#033941)
Martine & Bonnett, P.L.L.C.
4647 N. 32nd Street, Suite 185
Phoenix, Arizona 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345
dbonnett@martinbonnett.com
mlicata@martinbonnett.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Sherva, Jennifer Lewis and Russell Jacobson, individually and on behalf of similar situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>Adams Disaster and Restoration, Inc., an Arizona corporation; Stanley E. Adams and Cindy Adams, husband and wife; Shane Doe Adams and Jane Doe Adams, husband and wife; Caylee Frost and John Doe Frost, husband and wife; and John and Jane Does 1-4,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

This is an action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and Arizona's wage statutes, Ariz. Rev. Stat. § 23-350 *et. seq.* This case arises out of Defendants, Adams Disaster and Restoration, Inc. ("ADR, Inc." or "Adams D&R"), Stanley E. Adams and Cynthia "Cindy" Adams ("Stanley Adams"), Shane Adams and Jane Doe Adams ("Shane Adams"), and Caylee Frost and John Doe Frost ("Caylee Frost"), collectively, (the "Defendants") unlawful employment practices.

Specifically, Defendants unlawfully classified *and continue* to classify Plaintiff and similarly situated employees as exempt from the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and have failed and refused to pay overtime compensation and minimum wages in violation of the FLSA and in violation of Arizona's wage statutes, Ariz. Rev. Stat. § 23-350 *et. seq.* (the "AWS").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, this action is brought under 29 U.S.C. § 216(b). This Court has pendent jurisdiction over Plaintiffs' AWS state claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendants, ADR, Inc., Stanley Adams, Shane Adams and Caylee Frost because each regularly transacts business in and has significant and continuous contact with this District.

3. At all times material, Defendant ADR, Inc. was, and continues to be, engaged in interstate commerce as defined by the FLSA. ADR, Inc. along with Stanley Adams, Cindy Adams and Shane Adams, does business under the name "Adams D&R" and "Adams D&R Restoration and Cleaning."

4. Corporate filings with the Arizona Corporation Commission identify Stanley R. Adams, as the president and a director of ADR, Inc. and identify Defendant Stanley E. Adams as a director. Upon information and belief, Stanley R. Adams and Stanley E. Adams may be one-and-the-same individual or, alternatively, are blood relation and own the majority, if not all, of the stock of ADR, Inc. along with Cindy Adams, the spouse of Stanley Adams. Together, Stanley Adams, Cindy Adams and Shane Adams and have and exercise a controlling interest in the operations of ADR, Inc.

5. Upon information, ADR, Inc. was incorporated in or around 2004, and was and continues to be engaged in interstate commerce as defined by the FLSA.

6. Upon further information, Caylee Frost is the General Manager of ADR, Inc. and during the relevant timeframe, exercised indirect and direct control over the

terms and conditions of Plaintiffs' employment with ADR, Inc.

7.     Venue is proper under 28 U.S.C. § 1391(b) as Defendants reside in or around Maricopa County, Arizona.

## PARTIES

8.     Plaintiff, Charles Sherva, is a citizen and resident of Maricopa County, Arizona who was, during the relevant time period, employed by Defendants as a Technician working for ADR, Inc. At all times relevant, Plaintiff Sherva was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and Ariz. Rev. Stat. § 23-350.  Plaintiff Sherva was last employed by Defendants in June 2019.

9.     Plaintiff, Jennifer Lewis, is a citizen and resident of Maricopa County, Arizona who was, during the relevant time period, employed by Defendants as a Dispatcher working for ADR, Inc.  At all times relevant, Plaintiff Lewis was an "employee" within the meaning of 29 U.S.C. § 203(e)(1) and Ariz. Rev. Stat. § 23-350. Plaintiff Lewis was last employed by Defendants in February 2019.

10.     Plaintiff, Russell Jacobson, is a citizen and resident of Maricopa County, Arizona who was, during the relevant time period, employed by Defendants as a Technician working for ADR, Inc. At all times relevant, Plaintiff Jacobson was an "employee" within the meaning of 29 U.S.C. § 203(e)(1) and Ariz. Rev. Stat. § 23-350. Plaintiff Jacobson was last employed by Defendants in September 2019.

11.     At all relevant times during their employment with Defendants, Plaintiffs regularly worked for Defendants benefit for periods of time without being properly compensated for all hours worked as required by law.  Defendants did not pay Plaintiffs for all hours worked for their benefit and did not pay overtime compensation for hours worked for Defendants in excess of 40 hours in a workweek despite being legally obligated to do so.

12.     Upon information, there were occasions when Defendants did not pay one or more Plaintiffs their minimum wages for certain hours worked required by the FLSA and AWS as set forth herein.

13.     Defendant ADR, Inc., is an Arizona corporation authorized to conduct business in Arizona and is within the jurisdiction of this Court.  ADR, Inc. advertises and generally transacts its business under the name, "Adams D&R" and "Adams D&R Restoration and Cleaning."  ADR, Inc's principal place of business is located in Tempe, Arizona.  Defendant ADR, Inc. is an "employer" within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350.

14.     Defendant, Stanley E. Adams, is an individual, who is an officer and director of ADR, Inc. and, upon information and belief, is also a shareholder of ADR, Inc. which operates its business in Arizona and within the jurisdiction of this Court and has its principal place of business in Tempe, Arizona.   During the relevant timeframe, Stanley Adams is and was directly and indirectly involved in the operations of ADR, Inc. including matters relating to classification of employees as exempt or non-exempt for purposes of the minimum and overtime wage requirements of the FLSA and AWS, the nonpayment of wages for certain hours of work amounting to "off-the-clock" time, nonpayment of overtime wages at the required statutory rate, and deductions from wages resulting in failure to pay minimum wages for all hours worked. Defendant Stanley Adams is an "employer" within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350.

15.     Upon information, Defendant Cindy Adams is the wife of Defendant, Stanley Adams and is believed to have been directly and indirectly involved in the daily operations of ADR, Inc. including matters relating to wages, hours and working conditions of Plaintiffs along with her spouse, Stanley Adams, and their son, Shane Adams.  Defendant Cindy Adams is also named as a Defendant for the purpose of Arizona's community property laws.

16.     Defendant, Shane Adams, is the son of Stanley and Cindy Adams. Upon information and belief, Shane Adams is an officer, director and shareholder of ADR, Inc. During the relevant timeframe, Shane Adams is and was directly and indirectly involved in the operations of ADR, Inc. including matters relating to classification of employees as

exempt or non-exempt for purposes of the minimum and overtime wage requirements of the FLSA and AWS, the nonpayment of wages for certain hours of work amounting to "off-the-clock" time, nonpayment of overtime wages at the required statutory rate, and deductions from wages resulting in failure to pay minimum wages for all hours worked. Defendant Shane Adams is an "employer" within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350.

17.    Upon information, Defendant Jane Doe Adams is the wife of Defendant, Shane Adams and is named as a Defendant solely for the purpose of Arizona's community property laws.

18.    During some or all of the relevant timeframe, Defendant, Caylee Frost, held the title of General Manager and Consultant of ADR, Inc.  Upon information, Caylee Frost is and was directly and indirectly involved in the operations of ADR, Inc. including matters relating to classification of employees as exempt or non-exempt for purposes of the minimum and overtime wage requirements of the FLSA and AWS, the nonpayment of wages for certain hours of work amounting to "off-the-clock" time, nonpayment of overtime wages at the required statutory rate, and deductions from wages resulting in failure to pay minimum wages for all hours worked.  Defendant Caylee Frost is an "employer" within the meaning of 29 U.S.C. § 203(d) and Ariz. Rev. Stat. § 23-350.

19.    Upon information, Defendant John Doe Frost is the spouse of Defendant, Caylee Frost and is named as a Defendant solely for the purpose of Arizona's community property laws.

20.    Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and Arizona Wage Statues.  This policy and pattern or practice includes but is not limited to:

       a.  willfully failing to accurately record all of the time that its employees, including Plaintiffs and other similarly situated employees who have worked for the benefit of Defendants;

       b.  automatically deducting meal break time from Plaintiffs and other

5

similarly situated employees' worktime while not providing them with uninterrupted meal break time;

c.  requiring Plaintiffs and other similarly situated employees to work off-the-clock and not compensating them for those hours of work;

d.  willfully failing to maintain and preserve accurate records of hours worked as required by the FLSA;

e.  willfully misclassifying Plaintiffs and other employees as exempt from the overtime requirements of the FLSA;

f.  willfully failing to pay for all manual labor performed by Plaintiffs and other similarly situated employees including, but not limited to, overtime wages for all hours that they have worked in excess of 40 hours per week and no less the statutorily required minimum wage for all hours worked.

## GENERAL ALLEGATIONS

21.    Defendants, directly or indirectly, are engaged in the business of operating a commercial and residential disaster restoration service for water and fire damage restoration, mold remediation and various types of cleaning and repair work to its customers and/or parties with whom Defendants have contracted to provide these services.  Defendants advertise, market, sell and deliver these services through Adams D&R and Adams D&R Restoration and Cleaning which maintains its principal place of business at 2120 E. Sixth Street, Suite #7, Tempe, AZ 85281.

22.    Defendants employed both Plaintiffs Sherva and Jacobson as Technicians. During the relevant timeframe, Technicians primary job duties and responsibilities were and are to perform manual labor consisting of, but not limited to, traveling to and from various work locations as directed by Defendants for purposes of cleaning, repairing, restoring commercial and residential property or otherwise performing manual labor to ADR, Inc. customers that is not exempt from the minimum wage and overtime requirements of the FLSA and applicable provisions of the AWS.

23.    Defendants employed Plaintiff Lewis as a Dispatcher.  During the relevant timeframe, Dispatchers primary job duties and responsibilities were and are to dispatch Technicians to various work locations per instructions or directions from Defendants and to communicate with Technicians. In the field.  Dispatchers such as Plaintiff Lewis perform work that is not exempt from the requirements to pay overtime and minimum wages as required for non-exempt employees under the FLSA and applicable provisions of the AWS.

24.    During the relevant time period, Plaintiffs worked under the supervision of Defendants, they did not supervise others, were not authorized to make any decisions regarding hiring or firing nor were Plaintiffs relatively free from supervision in connection with matters of significance.

25.    Plaintiffs routinely and regularly worked for Defendants in excess of forty hours per workweek without being paid overtime wages at the required statutory rates.

26.    Defendants automatically deducted between 30 minutes to one hour from the time records of Plaintiffs and other similarly situated employees as an unpaid meal break notwithstanding the fact that Plaintiffs did not have uninterrupted break time and, in fact, regularly were required to work through their break without it being counted as time worked or being paid their respective, agreed upon hourly rates of pay.

27.    In addition and upon information, Defendant Stanley Adams would frequently alter time records of Plaintiffs and other similarly situated employees by reducing the hours work reported by Plaintiffs to not count all hours actually worked thereby causing Plaintiffs and similarly situated employees to work off-the-clock without any compensation.  On many occasions, this caused a shortage not only of hours worked that were not paid at the agreed straight time hourly rate of pay but also resulted in an inaccurate recording of overtime hours and, consequently, underpayment or nonpayment of overtime at the statutorily required premium rate of pay for all hours worked by Plaintiffs in excess of 40 hours in a workweek.

28.    Upon information and belief, Defendants were or should have been aware

7

that state and federal law required them to keep accurate records of all hours worked by Plaintiffs and similarly situated nonexempt employees, and to timely and correctly pay them at the agreed regular hourly rate of pay (or, alternatively, no less than the applicable minimum wage) for all hours up to 40 hours in their regular workweek and at the statutorily required premium rate of pay for all hours worked in excess of 40 hours in the regular workweek.

29.    Upon information and belief, Defendants were aware or should have been aware that Plaintiffs and other similarly situated Technicians and Dispatchers customarily and regularly perform non-exempt physical or manual work and rarely, if ever, exercised true discretionary powers in connection with matters of significance; and that they were not and are not relatively free from supervision in connection with matters of significance.

30.    Upon information and belief, Defendants' failure to properly and promptly pay Plaintiffs and other employees for all hours worked, altering time records to underreport straight-time and overtime hours worked, failing to allow uninterrupted meal breaks after automatically deducting break time from Plaintiffs' time records for which they were not compensated, and failing to pay Plaintiffs and other similarly situated employees applicable wages for their work including wages at the statutorily required premium rate of pay for all hours worked in excess of 40 hours per week was willful and without justification or authorization.

31.    In addition, Defendants have made deductions for wages paid to Plaintiffs causing their hourly rate of pay to fall below the applicable hourly minimum wage required by the AWS.

32.    During Plaintiffs' employment, they were promised and occasionally paid commissions and non-discretionary bonuses, however, not all promised commissions and non-discretionary bonuses were paid to Plaintiffs.

33.    Pursuant to 29 C.F.R. §§ 778.117 & 778.208, earned commissions and non-discretionary bonuses of the kind promised Plaintiffs are to be included in the regular

rat of pay for purposes of calculating Plaintiffs' and similarly situated non-exempt employee's regular rates of pay used to determining the correct premium rates of pay for calculating and paying overtime wages for all hours worked in excess of forty hours in any one workweek.

34.    Upon information, Defendants do not and have not included commissions and non-discretionary bonuses (even when paid) in calculate Plaintiffs' and similarly situated employees' overtime rates of pay.

35.    Defendants' acts and omission as to Plaintiffs and similarly situated employees were willful and intentional because Defendants had actual and constructive knowledge that Plaintiffs were performing non-exempt manual labor, and were not paid their regular rates of pay for all hours worked up to forty hours a work week (or alternatively, were not paid at least the applicable minimum wages for all hours worked), and were not paid overtime wages at the statutorily required premium rate of pay for all hours worked in excess of 40 hours in those weeks where Plaintiffs worked more than 40 hours and allowed Plaintiffs' hourly rates of pay to occasionally fall below the applicable minimum hourly rate of pay.

## FLSA AND RULE 23 CLASS ACTION CLAIMS

36.    Plaintiffs bring the claims in Count I pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as Technicians or Dispatchers within the last 3 years and who elect to opt-in to this action.

37.    The proposed FLSA Class includes:

> All current and former Technicians and Dispatchers who performed worked for Defendants and were not paid for all hours worked, including overtime hours worked, at the statutorily required rates of pay at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Class").

38.    The claims in Count II are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

39.     The proposed Rule 23 Class includes:

All current and former Technicians and Dispatchers who performed work for Defendants in the State of Arizona and were not timely paid for all wages due, including straight time pay, overtime pay, promised commission, non-discretionary bonuses, and/or minimum wages as required by the Arizona Wage Statutes at any time during the maximum applicable limitations period for claiming unpaid wages including overtime and minimum wages ("Rule 23 Class").

40.     The proposed FLSA Class and Rule 23 Class (collectively referred to as "Class Members") are so numerous that joinder of all members is impracticable.  Upon information and belief, there are between 60-80 members of the proposed Class throughout the State of Arizona.

41.     There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.  Whether one, more or all of Defendants are or were Plaintiffs' employers;

b.  Whether one, more or all of Defendants are required to and failed to pay Plaintiffs and Class Members for all hours worked at the applicable rate of pay;

c.  Whether one, more or all of Defendants are required to and failed to pay Plaintiffs and Class Members statutory minimum wages at the applicable hourly rate of pay;

d.  Whether one, more or all of Defendants are required to and failed to pay Plaintiffs and Class Members promised commissions and non-discretionary bonuses;

e.  Whether one, more or all of Defendants are required to and failed to pay Plaintiffs and Class Members overtime wages at the applicable statutory rate for all hours worked in excess of forty hours per week;

f.  Whether one, more or all of Defendants unlawfully deducted break time from Plaintiffs' and Class Members' time records, failed to insure that break time was uninterrupted, and failed to compensate Plaintiffs and Class Members for break periods where they worked;

10

g. Whether one, more or all of Defendants' failure to pay wages violates federal and state law;

h. Whether one, more or all of Defendants were unjustly enriched by the acts and omissions complained of herein;

i. Whether one or all of Defendants failed to include earned commissions and non-discretionary bonuses in calculating Plaintiffs' and Class Members' regular rates of pay for purposes of calculation the premium rate of pay per hour for all hours worked in excess of forty hours in a workweek;

j. The nature and extent of Plaintiffs' and Class Members' injury and the appropriate measure of damages for Plaintiffs and members of the Classes.

42.    The claims of the Plaintiffs are typical of the claims of the Class they seek to represent.  Plaintiffs have worked for Defendants and have been subjected to common practices, policies, programs, procedures, protocols, and plans of failing to pay all wages for all hours worked and overtime wages owed at the applicable rate of pay. Plaintiffs' job duties are also typical of those of the Class Members or, alternatively, the job duties of Technicians and Dispatchers are sufficiently typical that any differences can be addresses by a subclass of Technicians and a subclass of Dispatchers within the proposed Rule 23 Class.

43.    Defendants have acted or refused to act on grounds generally applicable to the Class Members as a whole by engaging in the same violations of law with respect to all Class Members, thereby making any final relief appropriate with respect to the Class as a whole.

44.    The Plaintiffs will fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

45.    The Plaintiffs have retained counsel competent and experienced in complex wage and hour litigation and class action litigation.

46.    The Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

47.     A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation such as the instant case where individual workers lack the financial resources to vigorously prosecute the lawsuit in federal court against a large delivery conglomerate. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are relatively small compared to the overall expense and burden of individual prosecution of their respective claims as alleged this litigation.

48.     Furthermore, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' policies and practices.

49.     The Plaintiffs and the Class Members have been equally affected by Defendants' failure to pay proper wages.  Moreover, Class Members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

50.     The Class Members have been victims of Defendants' common policy and plan that has violated their rights under the FLSA by requiring Technicians and Dispatchers to work in excess of 40 hours per week, altering time records to not accurately track all hours worked, and denying them overtime compensation for all straight time and overtime hours worked. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

51.     All of the work performed by Class Members was assigned by Defendants and/or Defendants were aware of all the hours worked, including overtime hours worked, that Plaintiffs and Class Members performed.

52.     Upon information and belief, Defendants have a policy and pattern or practice to require Plaintiffs and Class Members to regularly work in excess of 40 hours per week.

53.     Defendants failed to pay Plaintiffs and Class Members time and one-half their applicable hourly regular rate of pay for all hours worked over 40 in a workweek in violation of the FLSA.

54.      Defendants have automatically deducted between 30 minutes and one hour from Plaintiffs' and the Class Members' recorded work time for meal breaks and, upon information and belief, continue to do so. However, Defendants require or, alternatively, are fully aware that Plaintiffs or Class Members did not and do not have uninterrupted meal breaks.  Technicians routinely have to eat behind-the-wheel while traveling between work locations to which they are assigned or dispatched and while still performing work for Defendants at these locations, and Dispatchers are routinely required to make meal or other breaks at their work stations and answer or respond to calls or otherwise perform their assigned duties and tasks.

55.      Plaintiffs and Class Members are not allowed and do not exercise independent judgement or discretion regarding their work for Defendants. All independent judgment and discretion is subsumed by adherence to Defendants' policies, practices, scheduling requirements and workday micromanagement.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND ALL FLSA CLASS MEMBERS

56.      Plaintiffs, on behalf of themselves and FLSA Class Members, reallege and incorporate all allegations in all preceding paragraphs as if fully set forth.

57.      Defendants have violated and engaged in a pattern and practice of violating the FLSA, as set forth herein.

58.      Section §207 of the Fair Labor Standards Act provides in relevant part:

[N]o employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at the rate not less than one and half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

59.      Section 216(b) of the Fair Labor Standards Act provides in relevant part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . .

29. U.S.C. § 216(b).

60.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  Plaintiffs' consents are attached hereto as Exhibit A.

61.    Plaintiffs and FLSA Class Members were entitled to be paid one and one-half times their regular hourly rates of pay for each hour worked in excess of forty hours per workweek.

62.    In the course of employment with Defendants, Plaintiffs and FLSA Class Members worked the number of hours required of them, many times in excess of forty hours, but were not properly paid for all hours worked including straight time and overtime compensation.

63.    The pay practices of Defendants, as described in the above paragraphs, violated the FLSA by both by failing to pay Plaintiffs and FLSA Class Members for all of their hours worked under forty hours and failing to properly pay overtime to Plaintiffs at the statutorily required rates of pay for those hours worked each workweek in excess of forty hours.

64.    Defendants' violations of the FLSA are willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other employees.

65.    Because of Defendants' willful and unlawful acts, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255. Plaintiffs and FLSA Class Members have been harmed and suffered damages by being denied statutorily required overtime wages at the applicable rates of pay in accordance with the FLSA, plus incurred costs and reasonable attorneys' fees.

66.    As a result of Defendants' violations of the FLSA, each Plaintiff and FLSA Class Member is entitled to liquidated damages in an amount equal to the wages he is owed as unpaid overtime and applicable minimum wages.

67.    As a result of Defendant's unlawful acts, each Plaintiff and FLSA Class Member is entitled to recovery of overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### FOR VIOLATION OF ARIZONA'S WAGE ACT ON BEHALF OF PLAINTIFF AND ALL RULE 23 CLASS MEMBERS

68.    Plaintiffs, on behalf of themselves and all Rule 23 Class Members, reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

69.    At all times relevant to this action, Plaintiffs and all Rule 23 Class Members were and are employees and Defendants were and are each an employer within the meaning of and subject to Ariz. Rev. Stat. § 23-350.

70.    Ariz. Rev. Stat.  § 23-351(7) defines "Wages" as "nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation.

71.    Ariz. Rev. Stat.  § 23-351 provides that:

A. Each employer in this State shall designate two or more days in each month, not more than sixteen days apart, as fixed paydays for payment of wages to the employees . . .

\*\*\*

C.  Each employer shall, on each of the regular paydays, pay to the employees . . . all wages due the employee up to such date . . .

72.    Ariz. Rev. Stat. § 23-351(c)(3) provides that: "[o]vertime or exception pay shall be paid no later than sixteen days after the end of the most recent pay period."

73.    Ariz. Rev. Stat.  § 23-363(A) provides that:

Employers shall pay employees no less than the minimum wage, which shall be not less than:
    1. $10.00 on and after January 1, 2017.
    2. $10.50 on and after January 1, 2018.

3. $11.00 on and after January 1, 2019.
4. $12.00 on and after January 1, 2020.

74.    With regard to the minimum wage claim violations allege herein pursuant to the AWS, Ariz. Rev. Stat. § 23-364(H) provides that:

> A civil action to enforce this article may be commenced no later than two years after a violation last occurs, or three years in the case of a willful violation, and may encompass all violations that occurred as part of a continuing course of employer conduct regardless of their date. The statute of limitations shall be tolled during any investigation of an employer by the commission or other law enforcement officer, but such investigation shall not bar a person from bringing a civil action under this article. No verbal or written agreement or employment contract may waive any rights under this article.

75.    As set forth above, the FLSA and AWS requires that employees such as Plaintiffs and all Rule 23 Class Members be paid in a timely manner for all wages owed for all hours worked and overtime wages for all hours worked in excess of forty hours per week at the applicable rates of pay set forth in the FLSA and AWS.

76.    Defendants have violated Ariz. Rev. Stat. §§ 23-351 & 364 by failing to pay all wages due for all hours worked at the applicable rates of pay including, but not limited to, applicable minimum and overtime wages due to Plaintiffs and Class Members within the time periods specified in Ariz. Rev. Stat. § 23-351.

77.    As a result of Defendants' violations of Ariz. Rev. Stat. § 23-351 & 364, Plaintiffs are entitled to an award of their unpaid wages, with prejudgment-interest thereon, and are entitled to treble the amount of such wages, together with attorneys' fees and costs pursuant to Ariz. Rev. Stat. §23-355.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed FLSA and Rule 23 Classes, prays that judgment be entered against Defendants, ADR, Inc.; Stanley R. Adams and Jane Doe S.R. Adams; and Staley E. Adams and Jane Doe S.E. Adams, for the following relief including, but not limited to:

A.    An Order declaring that Defendants have violated the FLSA;

B.    An Order declaring that Defendants have violated Arizona's wage statutes;

C.    Judgment for Plaintiffs and the Class Members against Defendants ADR, Inc; Stanley R. Adams and Jane Doe S.R. Adams; and Staley E. Adams and Jane Doe S.E. Adams, jointly and severally, for the wages and overtime payments due Plaintiffs and Class Members for the hours worked without proper compensation as set forth in 29 U.S.C. § 216(b);

D.    Judgment for Plaintiffs and Class Members against Defendants ADR, Inc.; Stanley R. Adams and Jane Doe S.R. Adams; and Staley E. Adams and Jane Doe S.E. Adams, jointly and severally, for liquidated damages as set forth in 29 U.S.C. § 216(b);

E.    Judgment for Plaintiffs and Class Members against Defendants ADR, Inc.; Stanley R. Adams and Jane Doe S.R. Adams; and Staley E. Adams and Jane Doe S.E. Adams, jointly and severally, for all unpaid wages together with treble damages as set forth in Ariz. Rev. Stat. §23-355;

F.    Judgment against Defendants ADR, Inc.; Stanley R. Adams and Jane Doe S.R. Adams; and Staley E. Adams and Jane Doe S.E. Adams declaring that their conduct as set forth in this Complaint constitutes violation of the FLSA as well as Arizona wage laws and other applicable laws;

G.    An order awarding Plaintiffs reasonable attorneys' fees along with costs against Defendants ADR, Inc.; Stanley R. Adams and Jane Doe S.R. Adams; and Staley E. Adams and Jane Doe S.E. Adams, jointly and severally, pursuant to 29 U.S.C. § 216(b) and Ariz. Rev. Stat. § 23-355

H.    Any and all other relief the Court deems just and proper.

Dated this 9th day of December, 2019.

///

///

1

**MARTIN & BONNETT, P.L.L.C.**

2

By: s/ Daniel L. Bonnett

3

    Daniel L. Bonnett
    Michael M. Licata

4

    4647 N. 32nd Street, Suite 185

5

    Phoenix, AZ 85018

6

*Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28